IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 7, 2006 Session

## MARK COWAN v. KIM HATMAKER

**Appeal from the Chancery Court for Anderson County**
**No. 97CH5820      William E. Lantrip, Chancellor**

---

**No. E2005-01433-COA-R3-CV  - FILED MARCH 3, 2006**

---

CHARLES D. SUSANO, JR., concurring.


        I agree with the results reached by the trial court – including the award of attorney's fees – as affirmed by the majority opinion. I write separately to express my disagreement with the appellant's belief and the majority's belief that the trial court did not find a change in circumstances warranting a change in the custodial arrangement. I recognize that the trial court did not find a change in circumstances warranting a change in the identity of the primary residential parent. However, I believe the trial court *did* find that the circumstances regarding the child's custodial arrangement had changed so as to "affect[] the child's well-being in a meaningful way," ***Blair v. Badenhope***, 77 S.W.3d 137, 150 (Tenn. 2002); and that it then proceeded to (1) modify the existing parenting plan by transferring decision-making authority regarding the educational/extracurricular activities of the child from the father to the mother and (2) grant the mother the right to obtain a second opinion as to medical matters.

        It is important to remember that we are dealing with two separate and distinct, but clearly related, concepts – on the one hand, there is the issue of whether there has been a change in circumstances of a sufficient magnitude to warrant a new look at the issue of the custodial arrangement; on the other hand, there is the issue of the custodial arrangement itself, *i.e.*, the continuation or change in the role of primary residential parent, shared parenting time/visitation, decision-making, and the myriad of other issues typically addressed in a parenting plan. The cases sometimes address these two distinct issues as if they were one; they are not. If the relevant circumstances in a given case have not changed as defined in ***Blair*** and other cases, then a re-examination of the custodial issues is not appropriate; but, on the other hand, if there has been a change in circumstances of sufficient magnitude, a court is justified in taking a new look at some or all of the various custodial issues. Even if a "new look" is warranted, the trial court is not *required* to change the existing terms of the custodial arrangement. The court must be guided by the factors

set forth in Tenn. Code Ann. § 36-6-106 (2005) in deciding whether, and how, to adjust the provisions of the existing custodial arrangement.

In this case, the father of the child – Mr. Cowan – raised the issue of the propriety of the existing parenting plan when he filed his petition to modify. The court received evidence from both sides. That evidence prompted the trial court to make a change in the custodial arrangement – but not the one requested by Mr. Cowan. When one seeks to change a custodial arrangement by filing a petition to modify, he or she does not have the power to limit the trial court's options to one of the following: (1) grant the specific relief requested or (2) do nothing. If the evidence presented to the trial court is such as to warrant a new look at the appropriate parenting arrangement as between the parties, the court certainly has the power to modify that arrangement if that is what is in the best interest of the child; but a change – such as the one that occurred here – *presupposes a change of circumstances*. If such a change has not occurred, then the parenting plan should not be changed *in any way*. I conclude from all of this that the trial court did find the requisite change in circumstances and this is what prompted it to modify the parenting plan. My review of the evidence convinces me that it does not preponderate against the finding of the requisite change in circumstances or the modification made by the trial court. Accordingly, I find no abuse of discretion in the judgment entered by the trial court.

I concur.

_____
CHARLES D. SUSANO, JR., JUDGE